Slip Op. 20-158

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CARPENTER TECHNOLOGY CORPORATION, ET AL., <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>and <br><br>VENUS WIRE INDUSTRIES PVT. LTD., ET AL., <br><br>    Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Court No. 19-00200 |

## OPINION AND ORDER

[Granting Defendant's request for remand of the U.S. Department of Commerce's final results in the administrative review of the antidumping duty order on stainless steel bar from India. Otherwise denying Plaintiffs' motions for judgment upon the agency record and for oral argument as moot.]

Dated: November 4, 2020

Grace W. Kim and Laurence J. Lasoff, Kelley Drye & Warren LLP, of Washington, DC, for Plaintiffs.

Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant. With her on the brief were Ethan P. Davis, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel was Elio Gonzalez, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Eric C. Emerson and St. Lutheran M. Tillman, Steptoe & Johnson LLP, of Washington, DC, for Defendant-Intervenors.

Barnett, Judge: This matter is before the court following the U.S. Department of Commerce's ("Commerce" or "the agency") final results in the administrative review of stainless steel bar (or "SS bar") from India for the period of review February 1, 2017 through January 31, 2018 ("the POR"). *See Stainless Steel Bar From India*, 84 Fed. Reg. 56,179 (Dep't Commerce Oct. 21, 2019) (final results of admin. review of the antidumping duty order; 2017–2018) ("*Final Results*"), ECF No. 20-4, and accompanying Issues and Decision Mem., A-533-810 (Oct. 15, 2019) ("I&D Mem."), ECF No. 20-5.[1]

Plaintiffs[2] filed a motion for judgment on the agency record challenging Commerce's revised method of selecting partial adverse facts available (or "partial AFA")[3] to use in determining Defendant-Intervenors' ("Venus")[4] final antidumping duty margin. *See* Confidential Pls.' Rule 56.2 Mot. for Judgment Upon the Agency R., and

---

[1] The administrative record for this case is divided into a Public Administrative Record, ECF No. 20-1, and a Confidential Administrative Record, ECF No. 20-2.
[2] Plaintiffs consist of Carpenter Technology Corporation; Crucible Industries LLC; Electralloy, a Division of G.O. Carlson, Inc.; North American Stainless; Valbruna Slater Stainless, Inc.; Universal Stainless Alloy Products, Inc.
[3] When "necessary information is not available on the record," or an interested party "withholds information" requested by Commerce," "fails to provide" requested information by the submission deadline, "significantly impedes a proceeding," or provides information that cannot be verified pursuant to 19 U.S.C. § 1677m(i), Commerce "shall . . . use the facts otherwise available." 19 U.S.C. § 1677e(a). If Commerce determines that the party "has failed to cooperate by not acting to the best of its ability to comply with a request for information," Commerce "may use an inference that is adverse to the interests of that party in selecting from among the facts otherwise available." *Id.* § 1677e(b).
[4] Defendant-Intervenors or Venus consist of Venus Wire Industries Pvt. Ltd.; Precision Metals; Sieves Manufacturers (India) Pvt. Ltd.; and Hindustan Inox Ltd.

Court No. 19-00200                                                                                                    Page 3

Confidential Mem. of Law in Supp. of Pls.' Rule 56.2 Mot. for Judgment [upon] the Agency R. ("Pls.' Mem."), ECF No. 25.  Specifically, Plaintiffs contend that: (1) Commerce did not adequately explain or provide notice of its decision to revise its methodology for determining partial AFA for the *Final Results*, *see id.* at 10–17; and (2) Commerce's application of the revised methodology is not supported by substantial evidence or in accordance with the law, *see id.* at 17–35.

In response, Defendant United States ("the Government") requests a remand to Commerce so that the agency may "reconsider or further explain its application of [the] revised partial [AFA] methodology, its change in methodology from the preliminary results to the final results, and if appropriate, the rates assigned to the respondents."[5] Def.'s Resp. to Pls.' Mot. for Judgment Upon the Agency R. ("Gov't's Resp.") at 6, ECF No. 27.  Venus filed a reply to the Government's remand request asserting that remand is not appropriate, but otherwise taking no position on the remand request.  *See* Def.-Ints.' Reply to [Pls.'] Mot. for Judgment on the Agency R. and [Def.'s] Request for Voluntary Remand ("Venus's Resp."), ECF No. 28.  Plaintiffs filed a reply supporting the

---

[5] Commerce determined the only other mandatory respondent's ("JSHL") dumping margin based on total AFA.  *See* I&D Mem. at 34, 47; *see also* Decision Mem. for Prelim. Results of Antidumping Duty Admin. Review, A-533-810, (Apr. 9, 2019) ("Prelim. Mem.") at 2, *available at* https://enforcement.trade.gov/frn/summary/india/2019-07560-1.pdf (last visited Oct. 30, 2020) (stating that Venus and JSHL were the two mandatory respondents selected in this review).  As AFA for JSHL, Commerce selected "the highest transaction-specific dumping margin that [the agency] calculated for [Venus] in this review."  I&D Mem. at 43 (citation omitted).  Commerce relied on 19 U.S.C. § 1673d(c)(5)(A) to determine the rate for non-individually examined respondents.  *See id.* at 46.  Commerce therefore excluded JSHL's rate—determined by total AFA—in averaging the rates of the mandatory respondents and, thus, assigned Venus's margin to the non-individually examined respondents.  *See id.*

Court No. 19-00200 Page 4

Government's request for remand, see Confidential Pls.' Reply in Supp. of Def.'s' Request for Voluntary Remand, ECF No. 29, and a motion for oral argument, see Pls.' Mot. for Oral Arg., ECF No. 32.

For the following reasons, the court finds that the Government has established that the agency's concerns are substantial and legitimate and, thus, grants the Government's request for remand. Plaintiffs' motions for oral argument and for judgment on the agency record are otherwise denied as moot.

### JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2018),[6] and 28 U.S.C. § 1581(c) (2018).

### BACKGROUND

Commerce published the antidumping duty order on SS bar from India on February 21, 1995. *See Stainless Steel Bar from Brazil, India and Japan*, 60 Fed. Reg. 9,661 (Dep't Commerce Feb. 21, 1995) (antidumping duty orders). In 2011, Commerce conditionally revoked the antidumping duty order on SS bar with respect to subject merchandise produced or exported by Venus. *See Stainless Steel Bar from India*, 76 Fed. Reg. 56,401, 56,402–03 (Dep't Commerce Sept. 13, 2011) (final results of the antidumping duty admin. review, and revocation of the order, in part). Thereafter, Commerce initiated a changed circumstances review of Venus and, as a result of that

---

[6] Further citations to the Tariff Act of 1930, as amended, are to the relevant portions of Title 19 of the U.S. Code, 2018 edition.

Court No. 19-00200                                                                                                          Page 5

review, determined that Venus had resumed selling SS bar in the United States at less than fair value.  *See Stainless Steel Bar From India*, 83 Fed. Reg. 17,529 (Dep't Commerce Apr. 20, 2018) (final results of changed circumstances review and reinstatement of certain companies in the antidumping duty order).

In the changed circumstances review, Venus reported consuming inputs referred to as "SS rounds, straight rounds, or hot rolled bar" (referred to herein as "SS rounds") provided by an unaffiliated supplier, but Commerce found that these inputs were in fact subject merchandise.  *See Venus Wire Indus. Pvt. Ltd. v. United States* ("*Venus I*"), 43 CIT \_\_\_, \_\_\_, 424 F. Supp. 3d 1369, 1371–73 (2019).  Commerce requested, but Venus did not provide, the unaffiliated producers' cost of production for the SS rounds used to make SS bar.  *See id.* at 1373.  "[I]n the absence of cost information from Venus's suppliers, [Commerce] assigned Venus a margin based on total AFA."  *Id*.  The court has issued two opinions in the appeal of the changed circumstances review which provide additional background regarding Commerce's finding that the SS bar provided by Venus's unaffiliated producers and reported as inputs are subject merchandise and the agency's reliance on total AFA.  *See generally Venus Wire Indus. Pvt. Ltd. v. United States* ("*Venus II*"), Slip Op. 20-118, 2020 WL 4933616 (CIT Aug. 14, 2020); *Venus I*, 424 F. Supp. 3d 1369.

Commerce initiated this administrative review on April 16, 2018.  *See Initiation of Antidumping and Countervailing Duty Admin. Reviews*, 83 Fed. Reg. 16,298, 16,300 (Dep't Commerce Apr. 16, 2018).  As Commerce did in the changed circumstances review, it sought to determine whether SS rounds reported as inputs and provided by

Venus's unaffiliated suppliers were in fact subject merchandise. *See* Prelim. Mem. at 5, 7. Venus explained that "it purchased stainless steel wire rods (["]SSWR["]) in coil form and hot-rolled stainless-steel bars . . . and [SS rounds] from unaffiliated suppliers during the POR." *Id.* at 7 (footnotes omitted). Venus stated that it "further processed these inputs into cold finished SS Bar." *Id.* (citation omitted). Commerce found that the inputs reported as SS rounds were subject merchandise and instructed Venus to provide the unaffiliated suppliers' cost of production information for the SS rounds. *See id.* at 8. Venus did not provide this information in its entirety. *Id.* at 8–9 (stating that one of Venus's unaffiliated suppliers provided its cost information, but that it was unusable "because it represents a small number of sales").

Absent the unaffiliated suppliers' cost of production information, the agency found that it could not calculate Venus's rate. *Id.* at 9. Commerce made the additional finding that Venus and its unaffiliated suppliers failed to act to the best of their ability to provide cost of production data, and thus, the agency preliminarily relied on partial AFA. *See id.* at 9–10. As partial AFA, Commerce preliminary selected "one of the highest transaction-specific rate[s] calculated for the U.S. sales of subject merchandise produced using the SSWR input." *Id.* at 13 (citation omitted). As a result, Commerce preliminarily determined a rate of 77.49 percent for Venus. *See Stainless Steel Bar From India*, 84 Fed. Reg. 15,582, 15,583 (Dep't Commerce Apr. 16, 2019) (prelim. results of antidumping duty admin. review; 2017–2018).

For the *Final Results*, Commerce continued to find that Venus was not the producer of the subject merchandise produced from SS rounds purchased from

unaffiliated suppliers, *see* I&D Mem. at 19, and that Venus did not act to the best of its ability to provide Commerce with its unaffiliated producers' cost of production data, *see id.* at 23–24. Commerce, however, revised its method of selecting partial AFA. *Id.* at 24. Rather than using the "highest (non-aberrational) transaction-specific margin" to determine the sales at issue, Commerce "calculated a 'surrogate' [cost of production] for these sales."[7] *Id.* As a result, Commerce determined a margin of 5.35 percent for Venus. *See Final Results*, 84 Fed. Reg. at 56,180.

## Discussion

### I. Legal Framework

When an agency determination is challenged in the courts, the agency may "request a remand (without confessing error) in order to reconsider its previous position" and "the reviewing court has discretion over whether to remand." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Remand is appropriate "if the agency's concern is substantial and legitimate," but "may be refused if the agency's request is frivolous or in bad faith." *Id*. "A concern is substantial and legitimate when (1) Commerce has a compelling justification, (2) the need for finality does not outweigh

---

[7] To determine the surrogate cost of production, Commerce examined:
> the below-cost sales of SS bar produced using the SSWR input. For these sales, [Commerce] identified the highest difference (as a percentage of acquisition cost) between [Venus's] acquisition cost, plus Selling, General & Administrative (SG&A) costs, and the sales price. [Commerce] then applied this percentage to the acquisition cost, plus SG&A, of the [SS rounds] or hot rolled bar inputs. [Commerce] conducted the sales-below cost [analysis] on the basis of this 'surrogate' [cost of production], and [] applied the margin program to the appropriate U.S. sales.

I&D Mem. at 24.

Court No. 19-00200 Page 8

that justification, and (3) the scope of the request is appropriate." *Hyundai Heavy Indus. v. United States*, 43 CIT \_\_\_, \_\_\_, 393 F. Supp. 3d 1293, 1300 (2019) (quoting *Changzhou Hawd Flooring Co. v. United States*, 38 CIT \_\_\_, \_\_\_, 6 F. Supp. 3d 1358, 1361 (2014)).

### II. The Government Has Demonstrated that the Agency's Concerns are Substantial and Legitimate

The Government has established that its remand request is based on concerns that are substantial and legitimate, consistent with the three-pronged test referenced in *Hyundai Heavy Industries*.

First, the Government identifies a compelling justification for the remand request. The Government represents to the court that Commerce "acknowledges potential concerns with how it applied the new methodology in [the] review."[8]  Gov't's Resp. at 6. "[A] remand request for Commerce to correct a potentially erroneous calculation of a dumping margin is a compelling justification." *Tri Union Frozen Prods., Inc. v. United States*, 40 CIT \_\_\_, \_\_\_, 163 F. Supp. 3d 1255, 1312 (2016).  Moreover, interested parties did not have the opportunity to comment to the agency on this methodology, and

---

[8] The court is not persuaded by Venus's argument that the Government's remand request is overly broad and vague.  *See* Venus's Resp. at 2–3 (discussing *NEXTEEL Co. v. United States*, 43 CIT \_\_\_, \_\_\_, 355 F. Supp. 3d 1336, 1348 (2019), *recons. denied*, 43 CIT \_\_\_, 389 F. Supp. 3d 1343 (2019)).  The Government explained that Commerce seeks to consider the arguments raised by Plaintiffs regarding the agency's method of selecting partial AFA that caused Commerce "substantial and legitimate concern."  Gov't's Resp. at 6.  Although the Government did not list each relevant argument, the Government's remand request to address Plaintiffs arguments regarding Commerce's altered methodology is not overbroad or vague.

Court No. 19-00200                                                                                          Page 9

the court agrees that the agency will benefit from considering such arguments in the first instance.[9]  See Gov't's Resp. at 6–7.

Second, in this challenge to the *Final Results*, "the need to accurately calculate margins is not outweighed by the interest in finality."  *Baroque Timber*, 37 CIT at 1127, 925 F. Supp. 2d at 1339.  The Government promptly requested the remand in its response brief and, absent a remand, would have limited ability to defend Commerce's determination because, by adopting the new methodology in its *Final Results*, Commerce did not have an opportunity to address Plaintiffs' arguments.[10]

Third, the court is persuaded that the scope of the requested remand is appropriate.  The Government acknowledged that Plaintiffs raised new arguments in their motion for judgment on the agency record and that Commerce seeks an opportunity to address those arguments and, as appropriate, reconsider or further explain its reliance on and methodology for partial AFA.  *See* Gov't's Resp. at 6–7.  Further, because Venus's margin calculations provided the basis for the margins determined for all other respondents in this review, it is appropriate that Commerce be permitted to reconsider those margins to the extent appropriate.  *See supra* note 5.  As

---

[9] While Commerce acknowledges potential concerns with its methodology, the court does not require Commerce to adopt or refrain from a particular approach in its remand determination.  *See* Gov't's Resp. at 8 (requesting that the court not direct a particular outcome).  "In matters of method, the court defer[s] to the agency whose expertise, after all, consists of administering the statute."  *Baroque Timber Indus. (Zhongshan) Co. v. United States*, 37 CIT 1123, 1127 n.8, 355 F. Supp. 3d 1336, 1339 n.8 (2013) (quoting *Gleason Indus. Prods., Inc. v. United States*, 31 CIT 393, 396 (2007)) (alteration in original).

[10] By requesting a remand of this matter in its entirety, the Government explains that it does not waive any arguments on the merits of the issues presented in the *Final Results* that may arise on appeal of the remand results.  *See* Gov't's Resp. at 7–8.

Court No. 19-00200 Page 10

a result, it is appropriate that the court remand this matter to allow Commerce to consider Plaintiffs' arguments and further explain or modify its determination accordingly. Because granting the Government's request for remand otherwise renders moot the arguments in Plaintiffs' motion for judgment on the agency record, the court otherwise denies that motion and denies as moot Plaintiffs' motion for oral argument.

## CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby:

**ORDERED** that Commerce's *Final Results* are remanded to the agency for further explanation or reconsideration of its selection of partial AFA in the *Final Results*; and it is further

**ORDERED** that Commerce shall file its remand results on or before February 2, 2021; and it is further

**ORDERED** that subsequent proceedings shall be governed by USCIT Rule 56.2(h); and it is further

**ORDERED** that Plaintiffs' motion for judgment upon the agency record (ECF No. 25) is otherwise denied as moot; and it is further

**ORDERED** that Plaintiffs' motion for oral argument (ECF No. 32) is denied as moot.

/s/     Mark A. Barnett
Mark A. Barnett, Judge

Dated: November 4, 2020
  New York, New York