NONCONFIDENTIAL

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE:  THE HONORABLE MARK A. BARNETT, CHIEF JUDGE**

| | |
|---|---|
| CARPENTER TECHNOLOGY CORP., ) <br> CRUCIBLE INDUSTRIES LLC, ) <br> ELECTRALLOY, A DIVISION OF G.O. ) <br> CARLSON, INC., NORTH AMERICAN ) <br> STAINLESS, UNIVERSAL STAINLESS & ) <br> ALLOY PRODUCTS, INC. AND VALBRUNA ) <br> SLATER STAINLESS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> VENUS WIRE INDUSTRIES PVT. LTD. AND ) <br> ITS AFFILIATES PRECISION METALS, ) <br> SIEVES MANUFACTURERS (INDIA) ) <br> PVT. LTD., AND HINDUSTAN INOX LTD., ) <br> Defendant-Intervenors. ) | Court No. 19-00200 |

<u>**PLAINTIFFS' SUBMISSION OF RECORD DOCUMENTS**</u>

Plaintiffs Carpenter Technology Corporation, Crucible Industries LLC, Electralloy, a Division of G.O. Carlson, Inc., North American Stainless, Universal Stainless & Alloy Products, Inc. and Valbruna Slater Stainless, Inc. hereby submit copies of the following documents cited in the U.S. Department of Commerce's ("Commerce's") Results of Redetermination Pursuant to Court Remand:[1]

---

[1] See Results of Redetermination Pursuant to Court Remand: Stainless Steel Bar from India: *Carpenter Technology Corporation, et al v. United States* (Dep't Commerce Jan. 28, 2021) ("Remand Results") (ECF No. 34).

NONCONFIDENTIAL

| Attachment No. | Document Description | Remand C.R. Number | Remand P.R. Number |
|---|---|---|---|
| 1 | Venus Group's Comments on Draft Remand Determination (Dec. 30, 2020) | n/a | 8 |
| 2 | Final Redetermination Analysis Memorandum for the Venus Group (Jan. 27, 2021) (cited as "Remand Order Final Calculation Memorandum" (Jan, 27, 2021) in the Remand Results)[2] | 11 | 11 |

This submission was requested by Mr. Geoffrey Goell, the Case Manager, on April 20, 2021, in an email to Plaintiffs' counsel.

Respectfully submitted,

/s/ Grace W. Kim
LAURENCE J. LASOFF
GRACE W. KIM
KELLEY DRYE & WARREN LLP
3050 K Street N.W., Suite 400
Washington, D.C. 20007
(202) 342-84000

Counsel for Plaintiffs

Dated:  April 21, 2021

---

[2]   On April 20, 2021, Plaintiffs' counsel confirmed with Counsel to Defendant that the "Remand Order Final Calculation Memorandum," dated January 27, 2021 that is cited in the Remand Results should have been cited as the "Final Redetermination Analysis Memorandum for the Venus Group," dated Jan. 27, 2021.

# ATTACHMENT 1

Barcode:4070413-01 A-533-810 REM - Remand - Slip Op 20-158

**Steptoe**
STEPTOE & JOHNSON LLP

Eric C. Emerson
202 429 8076
eemerson@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
202 429 3000 main
www.steptoe.com

Case No. A-533-810
Remand – Slip Op. 20-158
Total No. Pages: 6
AD/CVD Enforcement

**PUBLIC DOCUMENT**

December 30, 2020

**Via Electronic Filing**

The Honorable Wilbur L. Ross Jr.
Secretary of Commerce
U.S. Department of Commerce
Attention: Import Administration
14th Street and Constitution Ave., N.W.
Washington, D.C. 20230

Re:   **Stainless Steel Bar from India:**
       **Comments on Draft Remand Determination**

Dear Secretary Ross:

On behalf of our client Venus Wire Industries Pvt. Ltd. and its affiliates Precision Metals,

Sieves Manufacturers (India) Pvt. Ltd., and Hindustan Inox Ltd. (hereinafter "Venus Group"),

we submit the following comments on the Department's draft remand determination issued in the

above-captieond proceeding.[1]  These comments are timely filed.

---

[1] Draft Results of Redetermination Pursuant to Court Remand Stainless Steel Bar from India Venus Wire
Industries Pvt. Ltd. v. United States Court No. 19-00200, Slip Op. 20-158 (CIT November 4, 2020) ("Draft Remand
Results").

Barcode:4070413-01 A-533-810 REM - Remand  -  Slip Op 20-158

**Steptoe**
STEPTOE & JOHNSON LLP

The Honorable Wilbur Ross
December 30, 2020
Page 2

## I.     THE DEPARTMENT'S DRAFT REMAND FAILS TO JUSTIFY ANY CHANGE FROM THE ORIGINAL DETERMIANTION

Before the Court, Venus Group objected to the Department's request for a voluntary remand, as the Department did not indicate any specific error in the final results of the above-ationed administrative review.  In this remand, the Department again fails to identify any specific error in its prior results.  Rather, it states only that these remand results state that "calculating a surrogate COP for the sales in question is a better proxy that reasonably reflects costs associated with the production of merchandise subject to this administrative review, and reflects a built-in increase to deter non-compliance."  Remand Results at 8.  The Department further argues that "this revised rate will potentially induce the Venus Group in future segments to source from producers of subject merchandise that will cooperate in these proceedings by providing necessary information to it and subsequently, Commerce."  Remand Results at 9.

Neither of these statements indicates where the Department found legal or factual error with its prior determination, which is also consistent with its position before the Court, where it also did not identify any legal or factual error committed.  Rather, the Department simply decided to take a remand to change its findings.  This is entirely contrary to the principle of finality that is a core principle of administrative decision-making.  In this case, without professing error, the Department has effectively conducted a "do over," which should not be permitted.

Furthermore, the Department's decision to reconsider its prior determination, and to increase the Venus Group's dumping margin from 5.35 percent to 24.60 percent, is fundamentally unfair to Venus Group.  In reliance on this margin, Venus Group elected not to

Barcode:4070413-01 A-533-810 REM - Remand  -  Slip Op 20-158

**Steptoe**
STEPTOE & JOHNSON LLP

The Honorable Wilbur Ross
December 30, 2020
Page 3

contest the final results of this review, concluding that the cost of litigation likely outweighed the value that could be obtained from challenging, for example, the Department's decision to make an <u>adverse</u> facts available determination – a decision that has been overturned by the Court in separate litigation on highly analogous facts.[2]  The Department has now changed the rules of the game after the deadline for a summons and complaint has passed, which is fundamentally unfair to the Venus Group.  What the Department has done is effectively to require every party to every proceeding to file a protective summons and complaint on the off chance that the Department will, at its whim, change its decision in a voluntary remand.  This is not the way that litigation should be conducted, is not conducive to effective administrative decision making, and is a waste of judicial resources.

## II.      CONCLUSION

In accordance with appropriate administrative decision making, the Department should reverse this remand determination, and re-adopt the original results of the above-captioned review.

In accordance with 19 C.F.R. § 351.303(f)(3)(ii), Venus Group has served a copy of this submission on each of the parties listed in the attached Certificate of Service.

Thank you for your attention to this matter.  If the Department has any questions regarding this submission or requires any additional information, please do not hesitate to contact the undersigned.

Respectfully submitted,

---

[2] Venus Wire Industries Pvt. Ltd., et al. v. United States, Slip Op. 20-118 (Aug. 14, 2020).

Barcode:4070413-01 A-533-810 REM - Remand  -  Slip Op 20-158



The Honorable Wilbur Ross
December 30, 2020
Page 4



Eric C. Emerson
Luke M. Tillman


*Counsel to Venus Wire Industries Pvt. Ltd.*
*Precision Metals, Sieves Manufacturers*
*(India) Pvt. Ltd., and Hindustan Inox Ltd.*

Barcode:4070413-01 A-533-810 REM - Remand  -  Slip Op 20-158

## <u>REPRESENTATIVE CERTIFICATION</u>

I, Eric C. Emerson, with Steptoe & Johnson LLP, counsel to Precision Metals, Sieves Manufacturers (India) Pvt. Ltd., and Hindustan Inox Ltd., certify that I have read Venus Group's December 30, 2020 Comments on Draft Remand Redetermination, pursuant to the Remand 02/01/17 – 01/31/18 Administrative Review of Stainless-Steel Bar from India, case number A-533-810.

In my capacity as counsel of this submission, I certify that the information contained in this submission is accurate and complete to the best of my knowledge. I am aware that U.S. law (including, but not limited to, 18 U.S.C. 1001) imposes criminal sanctions on individuals who knowingly and willfully make material false statements to the U.S. Government. In addition, I am aware that, even if this submission may be withdrawn from the record of the AD/CVD proceedings, the Department may preserve this submission, including a business proprietary submission, for purposes of determining the accuracy of this certification. I certify that a copy of this signed certification will be filed with this submission to the U.S. Department of Commerce.

**Signature:**    Eric Emerson

**Date:**    12/30/2020

Barcode:4070413-01 A-533-810 REM - Remand  -  Slip Op 20-158

**CERTIFICATE OF SERVICE**

**Stainless Steel Bar from India**

**A-533-810**

**REM Slip Op. 20-158**

     I, William Downie, hereby certify that on December 30, 2020, I caused a copy of the attached filing to be served, via electronic mail, on the parties listed below:

Grace W. Kim, Esq.  
Kelley Drye & Warren LLP  
3050 K Street, NW  
Washington, DC 20007-5108

Peter Koenig, Esq.  
Squire Patton Boggs (US) LLP  
2550 M Street, NW  
Washington, DC 20037

John M. Gurley, Esq.  
Arent Fox LLP  
1717 K Street, NW  
Washington, DC 20006-5344

    /s/ William Downie

    William Downie  
    Project Assistant  
    Steptoe & Johnson LLP

# ATTACHMENT 2

UNITED STATES DEPARTMENT OF COMMERCE
International Trade Administration
Washington, D.C. 20230

A-533-810
AR: 2/1/2017-1/31/2018
Remand Slip Op. 20-158
~~Proprietary~~ Document
OI: HP
**PUBLIC VERSION**

January 27, 2021

MEMORANDUM TO:     The File

THROUGH:           Nancy Decker
                   Program Manager
                   AD/CVD Operations, Office I

FROM:              Hermes Pinilla
                   Senior International Trade Compliance Analyst
                   AD/CVD Operations, Office I

SUBJECT:           Administrative Review of the Antidumping Duty Order on
                   Stainless Steel Bar from India:  Final Redetermination Analysis
                   Memorandum for the Venus Group

## I.    Final Remand Margin Statistics:

    1. Total dumping margin:        $[          ]
    2. Total USP value:             $[          ]
    3. Weighted-average margin:     24.60%

## II.   Background

On November 4, 2020, the Court of International Trade (CIT) granted the Department of Commerce's (Commerce) motion for a voluntary remand finding that there is a compelling justification for the remand request, that the need to accurately calculate margins is not outweighed by the interest in finality, and that the scope of the requested remand is appropriate.[1] Specifically, the CIT remanded the *Final Results*[2] to Commerce to further explain or reconsider its revised partial adverse facts-available (AFA) methodology in the *Final Results*.[3]

For this final redetermination, we made the following changes to the margin calculation:

---

[1] *See Carpenter Technology Corporation, et al. v. United States*, *and Venus Wire Industries Pvt. Ltd., et al.*, Court No. 19-00200, Slip Op. 20-158 (CIT November  4, 2020) (*Remand Order*).
[2] *See Stainless Steel Bar from India: Final Results of Administrative Review of the Antidumping Duty Order; 2017-2018*, 84 FR 56179 (October 21, 2019), and accompanying Issues and Decision Memorandum (IDM) (*Final Results* IDM).
[3] *Id.*

Barcode:4081393-01 A-533-810 REM - Remand 2/1/17 - 1/31/18 Slip Op 20-158

1.  We deleted certain programming language from section 4-D of the margin program because it was improperly discarding the majority of the Venus Group's  (Venus Wire Industries Pvt. Ltd., and its affiliates Precision Metals, Hindustan Inox Ltd., and Sieves Manufactures (India) Pvt. Ltd.) (collectively, the Venus Group) U.S. sales from the margin calculation.  Specifically, we deleted the following lines from the margin computer program:

```
/*------------------------------------------------------------------*/
/* 4-D: DEFINE CUSTOMS ENTERED VALUE FOR ADMINISTRATIVE REVIEWS      */
/*------------------------------------------------------------------*/

%US6_ENTVALUE

DATA USSALES USBAR;
SET USSALES;

IF PRODUCER NE 'VENUS' THEN OUTPUT USBAR;
          ELSE OUTPUT USSALES;
```

2.  We also matched sales by manufacturer.  Specifically, we invoked the manufacturer/producer codes in the comparison market program, the margin program, and the partial AFA derivation program.

```
%LET HMMANUF = PRODUCER;

%LET COST_MANUF = PRODUCER;

%LET    USMANUF = PRODUCER;
```

3.  As we explained in the final redetermination results, we determined that it is appropriate not only to increase total COP but the other components of cost (variable cost of manufacturing (VCOM), fixed overhead, variable overhead) when implementing the partial AFA.  We find that making this change in the programming language is appropriate because the VCOM variable is used to calculate a difference in merchandise (DIFMER) adjustment when matching U.S. sales to similar home market sales by control numbers, and because the DIFMER adjustment is subtracted from home market prices as part of our calculation of normal value, not making these changes to the programming language does not provide the most accurate results when applying partial AFA. Therefore, to ensure more accuracy in applying the partial AFA methodology, we made certain changes to the programming language for these final remand redetermination results.  Specifically, we made the following changes in the Partial AFA Derivation Program:

```
* DO NOT RELY ON NEGATIVE NET HM PRICES*;

DATA POSNETPRICE NEGNETPRICE;
SET HMBELOW;
IF HMNPRICOP LT 0 THEN OUTPUT NEGNETPRICE;
ELSE OUTPUT POSNETPRICE;

DATA AFA;
SET POSNETPRICE;
AFAVCOMPERCENT = (AVGVCOM - HMNPRICOP)/AVGVCOM;
AFATCOMPERCENT = (AVGTCOM - HMNPRICOP)/AVGTCOM;
AFATCOPPERCENT = (AVGCOST - HMNPRICOP)/AVGCOST;

PROC MEANS NOPRINT DATA = AFA;
```

2

```
VAR AFAVCOMPERCENT AFATCOMPERCENT AFATCOPPERCENT;
OUTPUT OUT = AFAPLUG (DROP=_TYPE_ _FREQ_) MAX = AFAVCOMPERCENT AFATCOMPERCENT
AFATCOPPERCENT;

PROC PRINT DATA = AFAPLUG;
TITLE3 "AFA VCOM, TCOM, AND COP RATES FOR UNAFFILIATED SUPPLIERS' COST, DERIVED FROM
BELOW COST HM SALES DATASET (HMBELOW)";
```

## III.    Differential Pricing

To determine whether the average-to-average (A-to-A) method is appropriate to calculate a
weighted-average dumping margin for the Venus Group,[4] Commerce conducted the differential
pricing analysis.[5]  The results of the differential pricing analysis for Venus are as follows:

| Value of Passing Sales | Value of All Sales | U.S. Sales Passing the Cohen's *d* Test by Value |
|---|---|---|
| $[            ] | $[            ] | 68.29% |

The weighted-average dumping margins calculated using the three methodologies are shown
below:

| Comparison Method | | |
|---|---|---|
| Standard Method (Average-to-Average Method for All U.S. Sales) | Mixed Alternative Method (Average-to-Transaction Method for U.S. Sales That Pass Cohen's *d* Test and Average-to-Average Method for Sales That Do not Pass the Cohen's *d* Test) | Average-to-Transaction Alternative Method (Average-to-Transaction Method for All U.S. Sales) |
| 24.60% | 26.04% | 26.92% |

For the Venus Group, based on the results of the differential pricing analysis, Commerce finds
that 68.29 percent of the value of U.S. sales pass the Cohen's *d* test, confirming the existence of
a pattern of prices that differ significantly among purchasers, regions, or time periods.  Further,
Commerce determines that there is no meaningful difference between the weighted-average
dumping margin calculated using the average-to-average method and the weighted-average
dumping margin calculated using an alternative comparison method based on applying the
average-to-transaction method to those U.S. sales which passed the Cohen's *d* test and the
average-to-average method to those sales which did not pass the Cohen's *d* test.  Thus, for these

---

[4] *See* 19 CFR 351.414(c)(1).
[5] *See* the Preliminary Decision Memorandum at 15-17.

final results, Commerce is applying the average-to-average method (Average-to-Average for All U.S. Sales) to calculate the weighted-average dumping margin for Venus Group.

## IV.   Disclosure Materials

Electronic copies of the following documents will be released as disclosure materials to the respondent and interested parties' representatives who have access to the respondent's business-proprietary materials under the Administrative Protective Order:

A.   Final Redetermination Analysis Memorandum, draft liquidation instructions and exhibit (business proprietary document and public version)
B.   Comparison-market program (business proprietary document and public version)
C.   Comparison-market log and output (business proprietary document only–no public version)
D.   Margin-calculation program (business proprietary and public version)
E.   Margin-calculation log and output (business proprietary document only–no public version)
G.   AFA Deviation Program (public document)
H.   AFA Deviation Program log and output (business proprietary document only-no public version)

Attachments

4